**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**GEOFFREY TAMMARO,
MEGAN TAMMARO**

Plaintiffs

v.  CIVIL ACTION NO.

**CITY OF BOSTON, GAVIN MCHALE,
MARK ASSAD, KEVIN SMITH,
CHRISTOPHER SIMPSON, and JOHN
DOE**

Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

In the early morning hours of June 11, 2017, pedestrians in Boston's Theater District stepped over and around an unconscious man sprawled across the sidewalk on Stuart Street. No one bothered to examine this man's condition until an Emergency Room nurse and doctor noticed a white substance oozing out of the man's mouth. Based on their training and experience, they deduced the man was in the midst of heroin overdose and asked bystanders to call 911.

When the first police officer arrived at the scene, the Good Samaritans described the unknown man's condition and asked the officer for Narcan and oxygen. Instead of treating the presence of two medical professionals as a stroke of good fortune, the officer

immediately became combative and eventually used excessive and unnecessary force to unlawfully arrest the nurse. In an effort to conceal and/or justify this misconduct, police officers fabricated criminal allegations. Having had these charges dismissed in state court, the nurse now brings this civil rights action seeking compensatory and punitive damages to redress the deprivation of rights secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as the common law of the Commonwealth of Massachusetts. The nurse's wife brings her own common law claims based on the trauma she endured witnessing the assault and the damage it caused their martial relations.

## PARTIES

1. Plaintiff Geoffrey Tammaro ("Geoffrey") is a resident of Sandwich, Massachusetts.

2. Plaintiff Megan Tammaro ("Megan") is a resident of Sandwich, Massachusetts.

3. Defendant City of Boston ("Boston") is a municipal corporation located within Suffolk County, Massachusetts, with principal place of business at 1 Schroeder Plaza.

4. Defendant Gavin McHale ("McHale") is a resident of the Commonwealth of Massachusetts who, at all times pertinent hereto, was employed by the City of Boston as a police officer with the Boston Police Department.

5. Defendant Mark Assad ("Assad") is a resident of the Commonwealth of Massachusetts who, at all times pertinent hereto, was employed by the City of Boston as a police officer with the Boston Police Department.

6. Defendant Kevin Smith ("Smith") is a resident of the Commonwealth of Massachusetts who, at all times pertinent hereto, was employed by the City of Boston as a police officer with the Boston Police Department.

7. Defendant Christopher Simpson ("Simpson") is a resident of the Commonwealth of Massachusetts who, at all times pertinent hereto, was employed by the City of Boston as a police officer with the Boston Police Department.

8. Defendant John Doe ("Doe") is a resident of the Commonwealth of Massachusetts whose first and last name is presently unknown; at all times pertinent hereto, he was employed by the City of Boston as a police officer with the Boston Police Department.

9. All the individual Defendants are being sued individually and in their official capacities.

10. At all times pertinent hereto, all the individual Defendants were acting as employees, agents, or servants of Defendant City of Boston.

11. At all times pertinent hereto, all the individual Defendants were acting under color of state law.

12. At all times pertinent hereto, all the individual Defendants were engaged in a joint venture.

## JURISDICTION

13. Plaintiff's action for violation of rights guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution is brought pursuant to the provisions of 42 U.S.C. §1983.

14. Jurisdiction is conferred on this court by 28 U.S.C. §§1331 (federal question) and 1343 (civil rights).

## VENUE

15. This action is properly brought in the Eastern Division of the United States District Court for the District of Massachusetts under 28 U.S.C. §§1391 (b)(1) and (2) because

the events at issue in the case arose and transpired in the Eastern Division of the District of Massachusetts.

## FACTUAL ALLEGATIONS

*False Arrest and Excessive Force Incident*

16. Geoffrey and Megan Tammaro were married in 2010.

17. In the spring of 2017, they made plans to spend the weekend of June 10 in Boston to celebrate Megan's birthday and graduation from Southern Connecticut State University.

18. Geoffrey and Megan invited their friend, Nathaniel Vasquez ("Nati"), and his wife, Bonnie Hope ("Bonnie") to join them on the trip.

19. Another friend named Jason Hansing ended up joining them on the trip.

20. Geoffrey is a Registered Nurse, licensed to practice in the Commonwealth of Massachusetts.

21. Nati is a physician licensed to practice in the Commonwealth of Massachusetts.

22. Geoffrey and Nati were both employed at Tobey Hospital in Wareham, Massachusetts in the emergency department.

23. After eating dinner on Saturday, June 10, 2017, the group walked around Boston's theater district checking out various establishments.

24. At some point after midnight on Sunday, June 11, 2017, the group came upon a man lying on the sidewalk.

25. The man had a white substance around his mouth.

26. Geoffrey and Nati kneeled at the man's side to assess him and found a weak pulse.

27. Geoffrey called for someone to call 911.

4

28. Minutes later, Officers McHale and Assad approached the group.

29. Nati identified himself as an emergency room ("ER") physician and Geoffrey identified himself as an ER nurse.

30. McHale shouted at Geoffrey and Nati to step away from the man whose life they were trying to save.

31. Nati informed McHale that this man appeared to be suffering an overdose and requested that Narcan be administered.

32. McHale advised Nati that he didn't have any Narcan or oxygen in his cruiser.

33. McHale threatened to arrest Geoffrey and Nati but did not explain the basis for any such arrest.

34. At this point, Officers Smith and Simpson arrived at the scene and administered a dose of Narcan.

35. When this dose failed to produce the desired effect, Geoffrey and Nati requested a second dose be administered.

36. They were advised the officers only had a single dose but that Emergency Medical Services ("EMS") was on its way.

37. After EMS arrived, Geoffrey identified himself as an ER nurse and reported the man's condition.

38. Geoffrey then stepped away from the man to allow EMS to assess him.

39. Without warning, McHale grabbed Geoffrey's neck and left arm and threw him to the sidewalk.

40. Megan was standing in close proximity to Geoffrey and watched helplessly as her husband's face and head struck the ground.

41. McHale then began punching Geoffrey in the head and kicking and kneeing his ribs and hip before placing Geoffrey into handcuffs.

42. The actions of McHale were not justified.

43. Assad, Smith, Simpson, and Doe assisted McHale in performing the various actions described above and lent their physical presence and support and the authority of their office to McHale during the said events.

44. Assad, Smith, Simpson, and Doe knew or had reason to know that McHale was utilizing excessive force against a civilian who had not committed a crime and posed no threat to McHale or anyone else.

45. Assad, Smith, Simpson, and Doe nevertheless ignored the realistic opportunity each had to intervene to prevent the assault from escalating and persisting.

*Post-Arrest Abuse of Process and Malicious Prosecution*

46. Following Geoffrey's arrest, McHale, Assad, Smith, Simpson, and Doe knew or should have known there was no probable cause to charge Geoffrey with a crime.

47. McHale, Assad, Smith, Simpson, and Doe nevertheless conspired to falsify allegations in a police report that served as the basis for an application for a criminal complaint.

48. McHale, Assad, Smith, Simpson, and Doe utilized the criminal process for the illegitimate purpose of covering up their own misconduct.

49. The false allegations against Geoffrey led to charges of assault and battery of a police officer and resisting arrest and forced Geoffrey to retain counsel to defend himself.

50. The charges against Geoffrey were ultimately dismissed prior to his arraignment on September 21, 2017.

*The City of Boston's Deliberate Indifference to the Right of Citizens to be Free from Excessive Force.*

51. At all pertinent times, the City of Boston and its policymakers knew of their legal duty to train, supervise, monitor, and discipline members of the City's police force to observe the rights of persons, including their right to be free from the use of excessive force at the hands of police.

52. At all pertinent times, the City of Boston, its policymakers, and the Boston Police Department, failed to monitor, train, supervise, control and discipline the individual Defendants in the use of force with such recklessness and gross negligence as to manifest deliberate indifference to the right of persons, including Geoffrey Tammaro, to be free from excessive force.

53. Prior to the incident on June 10, 2017, the City of Boston, its policymakers and the Boston Police Department were aware of complaints and claims alleging use of excessive force and other civil rights violations on the part of Boston Police officers, but on information and belief, such allegations did not result in substantive investigation into such incidents or discipline of officers.

54. In fact, when an investigative report published in 2014 revealed that the City of Boston had paid $5.6 million to settle over two dozen police misconduct lawsuits in the preceding four years – an amount exceeding sums paid by other cities with equal or larger populations – the Boston Police Superintendent in charge of professional standards flatly denied the Department had a police misconduct problem.

*The Harm to Geoffrey and Megan and Their Relationship*

55. Watching her husband's beating in the early morning hours of June 11, 2017, caused Megan severe emotional distress accompanied and manifested by physical symptomatology.

56. Megan was physically shaken by what she saw and spent much of the time between Geoffrey's assault and release from confinement crying uncontrollably.

57. In the days and weeks that followed, Megan suffered from nightmares and flashbacks that made it difficult to concentrate at work and in the home.

58. The experience of being beaten and falsely accused by McHale and the other individual defendants also caused Geoffrey severe emotional distress accompanied and manifested by physical symptomatology.

59. Like Megan, Geoffrey suffered from nightmares and flashbacks that made it difficult to concentrate at work and in the home.

60. In the immediate aftermath of his assault, Geoffrey suffered bruising and swelling to his face, head, arm, and torso.

61. Geoffrey also experienced serious back pain.

62. This back pain eventually made it impossible for Geoffrey to continue his career as an ER nurse.

63. Although Geoffrey was eventually able to secure a less physically demanding position, the compensation and other benefits of this new job were less rewarding than his previous position.

64. This change in Geoffrey's employment had a negative impact on family finances, his emotional well-being, and his marital relations with Megan.

65. The physical and psychological injuries inflicted by the individual defendants on Geoffrey caused Megan to lose the care, comfort, and services of her husband she had come to expect during their years of marriage.

**COUNT I – VIOLATION OF 42 U.S.C. § 1983 – FALSE ARREST**
**Gavin McHale, Mark Assad, Kevin Smith, Christopher Simpson, and John Doe**

66. Plaintiff Geoffrey Tammaro re-alleges paragraphs 1 through 65 and incorporates them herein by reference.

67. The aforesaid actions and conduct by Defendants McHale, Assad, Smith, Simpson and Doe violated Plaintiff Geoffrey Tammaro's right to be free from an unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

68. As a result of the above-described violation of rights, Plaintiff Geoffrey Tammaro suffered great pain of mind and body and was otherwise damaged.

**COUNT II – VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE**
**Gavin McHale, Mark Assad, Kevin Smith, Christopher Simpson, and John Doe**

69. Plaintiff Geoffrey Tammaro re-alleges paragraphs 1 through 65 and incorporates them herein by reference.

70. The aforesaid actions and conduct by Defendants McHale, Assad, Smith, Simpson, and Doe violated Plaintiff Geoffrey Tammaro's rights to be free from the use of unreasonable and excessive force and summary punishment as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

71. As a result of the above-described violation of rights, Plaintiff Geoffrey Tammaro suffered great pain of mind and body and was otherwise damaged.

### COUNT III - VIOLATION OF 42 U.S.C. § 1983 – MALICIOUS PROSECUTION
**Gavin McHale, Mark Assad, Kevin Smith, Christopher Simpson, and John Doe**

72. Plaintiff re-alleges paragraphs 1 through 65 and incorporates them herein by reference.

73. The aforesaid actions and conduct by Defendants McHale, Assad, Smith, Simpson, and Doe violated Plaintiff Geoffrey Tammaro's rights to be free from malicious prosecution as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

74. As a result of the above-described violation of rights, Plaintiff Geoffrey Tammaro suffered great pain of mind and body and was otherwise damaged.

### COUNT IV– ASSAULT AND BATTERY
**Gavin McHale, Mark Assad, Kevin Smith, Christopher Simpson, and John Doe**

75. Plaintiff Geoffrey Tammaro re-alleges paragraphs 1 through 65 and incorporates them herein by reference.

76. The above-described actions of Defendants McHale, Assad, Smith, Simpson, and Doe constituted an assault and battery as defined under the common law of the Commonwealth of Massachusetts.

77. As a direct and proximate cause of the above-described behavior of Defendants McHale, Assad, Smith, Simpson, and Doe, Plaintiff Geoffrey Tammaro suffered great pain of mind and body and was otherwise damaged.

### COUNT V – FALSE ARREST AND IMPRISONMENT
**Gavin McHale, Mark Assad, Kevin Smith, Christopher Simpson, and John Doe**

78. Plaintiff Geoffrey Tammaro re-alleges paragraphs 1 through 65 and incorporates them herein by reference.

79. The above-described actions of Defendants McHale, Assad, Smith, Simpson, and Doe constituted a false arrest and imprisonment as defined under the common law of the Commonwealth of Massachusetts.

80. As a direct and proximate cause of the above-described behavior of Defendants McHale, Assad, Smith, Simpson, and Doe, Plaintiff Geoffrey Tammaro suffered great pain of mind and body and was otherwise damaged.

### COUNT VI - MALICIOUS PROSECUTION
**Gavin McHale, Mark Assad, Kevin Smith, Christopher Simpson, and John Doe**

81. Plaintiff Geoffrey Tammaro re-alleges paragraphs 1 through 65 and incorporates them herein by reference.

82. The aforesaid actions and conduct of Defendants McHale, Assad, Smith, Simpson, and Doe constituted malicious prosecution under the laws of the Commonwealth of Massachusetts.

83. As a result of the malicious prosecution of Plaintiff Geoffrey Tammaro by the above-named Defendants, he suffered great pain of mind and body and was otherwise damaged.

### COUNT VII - ABUSE OF PROCESS
**Gavin McHale, Mark Assad, Kevin Smith, Christopher Simpson, and John Doe**

84. Plaintiff Geoffrey Tammaro re-alleges paragraphs 1 through 65 and incorporates them herein by reference.

85. The aforesaid actions and conduct of Defendants McHale, Assad, Smith, Simpson and Doe constituted abuse of process under the laws of the Commonwealth of Massachusetts.

86. As a result of the abuse of process by the above-named Defendants, Plaintiff Geoffrey Tammaro suffered great pain of mind and body and was otherwise damaged.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Gavin McHale, Mark Assad, Kevin Smith, Christopher Simpson, and John Doe

87. Plaintiff Geoffrey Tammaro re-alleges paragraphs 1 through 65 and incorporates them herein by reference.

88. The individual Defendants intended to inflict emotional distress upon Geoffrey Tammaro and/or knew his emotional distress would be the likely result of their aforesaid conduct.

89. The aforesaid conduct by the Individual Defendants was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

90. The aforesaid conduct by the Individual Defendants was the cause of Geoffrey Tammaro's distress and this emotional distress was severe and of a nature that no reasonable person could be expected to endure it.

91. As a direct and proximate cause of the aforesaid actions and conduct by the Individual Defendants, Plaintiff Geoffrey Tammaro suffered great pain of mind and body and was otherwise damaged.

## COUNT IX – VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO DISCIPLINE AND SUPERVISE
### City of Boston

92. Plaintiff Geoffrey Tammaro re-alleges paragraphs 1 through 65 and incorporates them herein by reference.

93. Prior to June 11, 2017, Defendant City of Boston developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Boston.

94. Defendant City of Boston did not require appropriate in-service training or re-training of officers who were known to use excessive and unnecessary force during street encounters with civilians.

95. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendant City of Boston and were the cause of a violation of Plaintiff Geoffrey Tammaro's rights alleged herein.

96. As a direct and proximate result of the above-described violation of rights, Plaintiff Geoffrey Tammaro suffered great pain of mind and body and was otherwise damaged.

### COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**Gavin McHale, Mark Assad, Kevin Smith, Christopher Simpson, and John Doe**

97. Plaintiff Megan Tammaro re-alleges paragraphs 1 through 65 and incorporates them herein by reference.

98. The individual Defendant intended to inflict emotional distress upon Megan Tammaro and/or knew her emotional distress would be the likely result of their aforesaid conduct.

99. The aforesaid conduct by the Individual Defendants was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

100. The aforesaid conduct by the Individual Defendants was the cause of Megan Tammaro's distress and this emotional distress was severe and of a nature that no reasonable person could be expected to endure it.

101. As a direct and proximate cause of the aforesaid actions and conduct by the Individual Defendants, Plaintiff Megan Tammaro suffered great pain of mind and body and was otherwise damaged.

## COUNT XI – LOSS OF CONSORTIUM
### Gavin McHale, Mark Assad, Kevin Smith, Christopher Simpson, and John Doe

102. Plaintiff Megan Tammaro re-alleges paragraphs 1 through 65 and incorporates them herein by reference.

103. The aforesaid conduct by the Individual Defendants caused Megan Tammaro to lose the companionship, affection, and sexual enjoyment of her spouse.

104. As a direct and proximate cause of the aforesaid actions and conduct by the Individual Defendants, Plaintiff Megan Tammaro suffered great pain of mind and body and was otherwise damaged.

WHEREFORE, Plaintiffs Geoffrey and Megan Tammaro request that this Court enter judgment against Defendants jointly and severally on all counts of this complaint and:

    a) Award compensatory damages;
    b) Award punitive damages;
    c) Award interest and costs of this action to Plaintiffs;
    d) Award attorneys' fees to Plaintiffs; and
    e) Award such other relief which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

PLAINTIFF, GEOFFREY TAMMARO,
PLAINTIFF, MEGAN TAMMARO,


By: /s/ Luke Ryan
Their Attorney
Luke Ryan, Esq.
BBO No. 664999
Sasson, Turnbull, Ryan & Hoose
100 Main Street, 3rd floor
Northampton, MA 01060
(413) 586-4800
lryan@strhlaw.com