UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:19-cv-12497-PBS

GEOFFREY TAMMARO AND MEGAN TAMMARO
    Plaintiffs.

v.

GARVIN MCHALE, CHRISTOPHER SIMPSON, AND KEVIN SMITH
    Defendants.

**DEFENDANTS' TRIAL BRIEF**

Defendants, Garvin McHale, Christopher Simpson, and Kevin Smith ("Defendants"), submit this trial brief in accordance with this Court's March 4, 2020 Procedural Order and Local Rule 16.5(f) to address legal issues likely to arise at trial and to preview the Defendants' anticipated requests for rulings and findings from the Court on the Plaintiffs' claims and claims for damages.

**I.**    **INTRODUCTION**

On June 11, 2017, Officers Garvin McHale, Christopher Simpson, and Kevin Smith responded to an incident involving a man who appeared to be suffering from an opioid overdose in the Theatre District in Boston. Plaintiffs, Geoffrey and Megan Tammaro, claim that the Defendant officers unnecessarily escalated this emergency situation by shouting and asking them to move away from the overdose victim. Plaintiff Geoffrey Tammaro, as an emergency room nurse, felt that he was uniquely qualified to render aid to the overdose victim and did not move away. The parties dispute the events that led to Geoffrey Tammaro's subsequent arrest. Geoffrey Tammaro maintains that Officer McHale assaulted him without provocation, that he

was arrested without probable cause, and that excessive force was used to effectuate his arrest. Megan Tammaro was present and watched her husband get arrested. Plaintiffs have lodged a host of constitutional and common law claims against the Defendants based on these allegations. Geoffrey Tammaro is seeking damages for his alleged physical and emotional injuries. Megan Tammaro is seeking damages for the alleged emotional trauma of watching her husband get arrested. The Defendants state that the arrest of Geoffrey Tammaro was supported by probable cause and that the force used during Geoffrey's arrest was reasonable.

Defendants maintain that Plaintiffs will be unable to prove, by a preponderance of the evidence, that the officers violated the Plaintiffs' constitutional or common law rights. To that end, the Plaintiffs likewise will not be able to prove that they are entitled to damages based upon the Defendant officers' purported actions.

## II.     DEFENDANTS' SUMMARY OF THE EVIDENCE

On June 11, 2017, at approximately 1:15 a.m., Officer McHale was flagged down by two women who told him a man down the street needed assistance. Officer McHale followed the women down the street and came upon a male laying on the ground with a crowd gathered around him. Officer McHale announced himself as a police officer and the crowd thereafter dispersed, except for two men—later identified as Plaintiff Geoffrey Tammaro and his friend, Dr. Nataniel Vasquez—who were apparently attempting to assist the male on the ground. When Officer McHale approached the male to evaluate him, Tammaro and Vasquez yelled at Officer McHale to immediately "give him some Narcan and oxygen," or words to that effect. Officer McHale immediately sensed that these two men were under the influence.

Officer McHale asked Tammaro and Vasquez to step aside so that he could evaluate the man on the ground. They refused. Vasquez responded by telling Officer McHale that he was an

ER physician and that his friend, Tammaro, was an ER nurse. Officer McHale continued his efforts to have Tammaro and Vasquez step aside, to no avail, and radioed for assistance and requested EMTs.

Officers Christopher Simpson and Kevin Smith then arrived on scene. Tammaro and Vasquez again demanded Narcan and oxygen from the newly-arrived officers. Officer Simpson asked the men to move and administered a dose of Narcan. Vasquez demanded another dose, at which point Officer Simpson explained that they did not have anymore and EMTs would be arriving shortly.

When EMTs arrived on scene they too asked Vasquez and Tammaro to move so that they could evaluate the male for themselves. They refused. Vasquez and Tammaro continued to demand oxygen and Narcan from the EMTs. The EMTs responded that they needed to evaluate the male for themselves. EMT Smith, for her part, quickly formed the opinion that Tammaro and Vasquez were under the influence.

At some point after EMTs arrived on scene but while Tammaro and Vasquez were still crowding the man on the ground, Tammaro pushed Officer McHale. Officer McHale then announced that Tammaro was under arrest. Tammaro resisted his arrest and was brought down to the ground so that he could be placed in handcuffs. Because Tammaro refused to put his hands behind his back, Officer McHale administered a series of knee strikes to the midsection of Tammaro's thigh. This practice is consistent with police practices and procedures. Officer Simpson and Officer Smith assisted with placing Tammaro in handcuffs. Tammaro was transported to the police station for booking without further incident.

Tammaro claims that he sustained a bruised rib and a herniated disc in his back and that he was forced to quit his job as an emergency room nurse as a result of the alleged physical and

emotional trauma. Megan Tammaro claims that she suffered emotional trauma as a result of watching her husband get arrested—to the extent that she needed to quit her job at Northeastern University because she could not work in the same city where the arrest of her husband took place. Defendants dispute the nature and extent of these injuries.

### III.      LEGAL ISSUES LIKELY TO ARISE AT TRIAL

All of Plaintiffs' claims hinge on the determination of the following facts: 1) whether the officers arrested Geoffrey Tammaro without probable cause; 2) whether the officers' use of force was unreasonable; and 3) whether the officers maliciously prosecuted Geoffrey Tammaro. Because these claims hinge on the jury's determination of the facts, rather than any significant legal issue, the Defendants do not brief them here for the Court.

Based on the jury's findings, however, the Court's intervention may be necessary to determine any issues of common law immunity.

#### 1. The Officers May Be Entitled To Common Law Immunity As To Plaintiffs' Common Law Assault And Battery, IIED, And False Imprisonment Claims

Massachusetts courts have long recognized common law immunity for public officials performing discretionary acts in good faith. "At common law . . . , a public official, exercising judgment and discretion, is not liable for negligence or other error in the making of an official decision if the official acted in good faith, without malice, and without corruption." Nelson v. Salem State Coll., 446 Mass. 525, 537-38 (2006); see Gildea v. Ellershaw, 363 Mass. 800, 820 (1973); Duarte v. Healy, 405 Mass. 43, 49-50 (1989) (applying common law immunity to statutory invasion of privacy claim against city officials).

Importantly, common law immunity applies not just to negligence but also to intentional acts by public officials. Nelson, 446 Mass. at 537-38; S. Boston Betterment Trust Corp. v. Boston Redev. Auth., 438 Mass. 57, 69 (2002); Duarte, 405 Mass. at 49-50. In determining

whether common law immunity applies, "[t]here is every presumption in favor of the honesty and sufficiency of the motives actuating public officers in actions ostensibly taken for the general welfare." S. Boston Betterment Trust Corp., 438 Mass. at 69 (quoting Foster from Gloucester, Inc. v. City Council of Gloucester, 10 Mass. App. Ct. 284, 294 (1980)).  To that end, the Defendants have requested that the jury answer special questions as to whether the officers acted in good faith, without malice and without corruption.  If the jury answers that the officers acted in good faith, without malice and without corruption, the Defendants submit that they would be entitled to common law immunity for Plaintiffs' common law assault and battery, IIED, and malicious prosecution claims.

Date:  August 25, 2021

Respectfully Submitted,

DEFENDANTS GARVIN MCHALE,
CHRISTOPHER SIMPSON, KEVIN SMITH

By their attorneys,

Henry C. Luthin
Corporation Counsel


/s/ Nicole M. O'Connor
Nicole M. O'Connor (BBO#675535)
Senior Assistant Corporation Counsel
Erika P. Reis (BBO#669930)
Assistants Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4039 (O'Connor)
617-635-4031 (Reis)
Nicole.OConnor@boston.gov
Erika.Reis@boston.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon counsel for all parties of record via this court's electronic filing system.

Date:  August 25, 2021                      /s/ Nicole M. O'Connor
                                                           Nicole M. O'Connor